IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Chimbusco Europe B.V., <br> *Plaintiff*, <br><br> v. <br><br> Maryville Maritime, Inc., <br> *Defendant*, and <br><br> Excel Maritime Carriers Ltd. <br> 800 Brazos Street, Suite 400 <br> Austin, Texas  78701-2548, <br> *Garnishee*. | § § § § § § § § § § § § § § § § § | Civil Action No. 1:13-CV-250 |

## VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF WRITS OF MARITIME ATTACHMENT AND GARNISHMENT

Plaintiff Chimbusco Europe B.V. (hereinafter "Chimbusco") complains of the Defendant Maryville Maritime, Inc. (hereinafter "Maryville") and alleges upon information and belief as follows:

### JURISDICTION

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has subject matter jurisdiction over this claim.  Garnishee is a foreign corporation authorized to do business in Texas with a registered agent at 800 Brazos Street, Suite 400, Austin, Texas 78701-2548.  Accordingly, this Court has personal jurisdiction over the Garnishee.  Pursuant to 28 U.S.C. §1390(b), the general venue statute does not govern

admiralty cases, which are proper in any Federal District Court where personal jurisdiction can be obtained over the defendant. 28 U.S.C. §1333(1); *In re McDonnel-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir. 1981).

## PARTIES

2. At all material times, Chimbusco was and is now a company organized and existing under the laws of the Netherlands.

3. At all material times, Maryville was and is now a company organized and existing under the laws of Liberia. Maryville is a wholly-owned subsidiary of garnishee Excel Maritime Carriers, Ltd. ("Excel") and provides the Technical Management of Excel's fleet of 39 vessels as well as other vessels which Excel charters. Further information about Maryville is at its web site, http://www.excelmaritime.com/management-company and Exhibit A hereto.

4. At all material times, garnishee Excel was a Bermuda corporation, registered to do business in Texas and with a duly-appointed Resident Agent in this District at 800 Brazos Street, Suite 400, Austin, Texas 78701-2548. Excel is an owner and operator of dry bulk carriers and a provider of worldwide seaborne transportation services for dry bulk cargoes, such as iron ore, coal and grains, as well as bauxite, fertilizers and steel products. Excel owns a fleet of 39 vessels, one of which, a Capesize vessel, is owned by a joint venture in which Excel holds a 71.4% interest. More specifically, Excel operates 7 Capesize, 14 Kamsarmax, 14 Panamax, 2 Supramax and 2 Handymax vessels with a total carrying capacity of approximately 3.6 million DWT. As more fully set out below, Chimbusco reasonably believes that Excel owes funds and accounts to Maryville, through Maryville's provision to Excel of ship and related management services.

Further information about Excel is at its web site,

http://www.excelmaritime.com/company/profile and Exhibit B hereto.

## THE BASIC FACTS

5. On or about August 28, 2012, Chimbusco sold marine fuel to Defendant Maryville for the fueling of the M/V BARBARA, an ocean cargo vessel that Defendant Maryville managed for its principal, Excel. The marine fuel was delivered to the M/V BARBARA as ordered, on August 30, 2012. Defendant Maryville, however, did not pay for all of that fuel or pay certain contractual charges which Defendant Maryville had agreed with Chimbusco to pay, and Defendant Maryville continues to fail to pay despite demand. True and correct copies of the documents confirming the sale to Defendant Maryville and delivery acceptance are attached as Exhibit C hereto.

6. Chimbusco provided the fuel to Defendant under contractual terms and conditions (Exhibit D hereto) that require Defendant to pay Chimbusco all attorneys' fees and related costs of collection if Defendant Maryville fails to pay Chimbusco, and also requires payment of interest at a rate of 2% per month and contractual charges. The amount that Defendant Maryville owes to Chimbusco, including contractual interest and related charges, is at least the following:

|  | **Due / Date** |  |
|---|---|---|
| Invoice Amount | 9/28/2012 | $412,800.00 |
| Contractual Interest, per diem, 2% / month | $271.43 | |
| Interest to Date | 3/27/2013 | $48,857.42 |
| **Subtotal** | | **$461,657.42** |
| Administrative Fee | 0.05 | $23,082.87 |

| | | |
|---|---|---|
| Attorneys Fees / Costs | Est | $20,000.00 |
| | **Total Due** | **$504,740.30** |
| Per Diem Interest | | $271.43 |
| Interest, 365 days | | $99,072.00 |
| **Total Demand:** | | **$603,812.30** |

## RULE B RELIEF

7.  Plaintiff Chimbusco seeks issue of process of maritime attachment so that it may obtain security for its claims including its contractual attorneys' fees and costs. No security for Plaintiff Chimbuso's claims has been posted by Defendant Maryville or anyone acting on its behalf to date.

8.  Defendant Maryville cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"), but is believed to have, or will have during the pendency of this action, assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of garnishees present in this District, including but not limited to, Excel.

9.  Defendant Maryville manages not only Excel's fleet of 39 ocean vessels but also vessels of other owners and charterers. Defendant Maryville charges for those management services, and consequently is owed accounts by Excel and others for which it provides services. Chimbusco, therefore, reasonably believes that Excel owes accounts to Maryville which are subject to garnishment and attachment by service on Excel.

## **PRAYER**

**WHEREFORE**, Plaintiff prays:

A.       That process in due form of law issue against Defendant Maryville, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.       That since Defendant Maryville cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Defendant Maryville's tangible or intangible property or any other funds held by any garnishee, which are due and owing to this defendant up to the amount of at least USD $603,812.30 to Plaintiff Chimbusco, as calculated *infra*, to secure the Plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.       That because service of the Supplemental Rule B writs as requested herein is straightforward, on a resident agent for garnishee Excel, it consequently is not necessary to require the U.S. Marshal's Service to serve the writ. For service of the writ, appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense. Plaintiff, therefore, requests that such a person be appointed pursuant to Fed.R.Civ.P. 4(c) to serve process of Maritime Attachment and Garnishment in this action.

D.       That this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof.

E.       That Plaintiff may have such other, further and different relief as may be just and proper.

Dated:  March 27, 2013

           Respectfully submitted,

           KELLY HART & HALLMAN LLP
           301 Congress Avenue, Suite 2000
           Austin, Texas 78701
           Telephone: (512) 495-6400
           Telecopier: (512) 495-6401

           */s/ J. Stephen Ravel*
           J. STEPHEN RAVEL
           State Bar No. 16584975
           DIANA L. NICHOLS
           State Bar No. 00784682
           Attorneys for Plaintiff Chimbusco Europe B.V.

**VERIFICATION**

J. Stephen Ravel being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and one of the attorneys for Plaintiff herein. I submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of Defendant Maryville Maritime, Inc., a corporation organized and existing under the laws of Liberia, pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (hereinafter, "Rule B").

2. Counsel for Plaintiff has provided me with the results of searches done of the corporate filings at the Texas Secretary of State, the internet Yellow Pages, Google (searching for "Maryville Maritime") and the results of a national search of "Maryville Maritime" using the Lexis/Nexis comprehensive search database of resident agents and corporate filings. I have reviewed these results.

3. In the searches, no listing or reference was found to Defendant or any agent of Defendant in this District or at any location in the United States.

4. Upon information and belief, based on these search results, the Defendant is not incorporated or registered to do business in this State.

5. Upon information and belief, based upon the above search results and upon my review of Rule B, the Defendant cannot be "found" within this district or in any "convenient adjacent jurisdiction" in the United States, within the meaning of Rule B.

6. In addition to the search results described above, the sources of my information

and belief are documents provided to me and statements made to me by counsel for Plaintiff.

          Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

          Executed on March 27, 2013.

          */s/ J. Stephen Ravel*
          J. STEPHEN RAVEL
          State Bar No. 16584975
          KELLY HART & HALLMAN LLP
          301 Congress Avenue, Suite 2000
          Austin, Texas 78701
          Telephone: (512) 495-6400
          Telecopier: (512) 495-6401